IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD LEE MOOREHOUSE,

              Petitioner,            Civil No. 09-980-TC

              v.                      FINDINGS AND
                                    RECOMMENDATION

JOE DECAMP,

              Respondent.

COFFIN, Magistrate Judge.

      Petitioner is in the custody of the Oregon Department of Corrections pursuant to the Judgment, dated July 15, 2005, from Marion County Circuit Court Case No. 04C51464 after a convictions for Assault in the Second Degree, two counts of Criminal Mischief in the Second Degree, Driving under the Influence of Intoxicants, and Possession of a Scheduled II Controlled Substance.  Exhibit 101.  After a bench trial, petitioner was convicted and sentenced to a 70 month sentence of imprisonment.  Id.

1 - FINDINGS AND RECOMMENDATION

Petitioner filed a direct appeal, but the Court of Appeals dismissed it on petitioner's own motion and petitioner did not seek review by the Oregon Supreme Court. Exhibit 105 - 107.

Petitioner filed a Formal Petition for Post-Conviction Relief, Exhibit 108, but the court denied relief.  The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  Exhibits 127 - 132.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging his conviction on grounds of ineffective assistance of counsel.  Petition (#1) p. Respondent now moves to deny relief and dismiss this proceeding on the ground that petitioner's "claims are meritless and the state court decisions denying relief are entitled to deference under 28 U.S.C. §2254(d) and (e)(1)."  Response to Petition (#1), p. 1.

In this federal habeas corpus proceeding petitioner alleges the following grounds for relief:

> Ground One: The post-conviction court erred in denying relief on petitioner's claim that trial counsel was inadequate and ineffective for failing to object to the introduction of lab reports without being given the opportunity to cross-examine the author of the reports.
>
> Supporting Facts:  Petitioner was convicted of a number of crimes stemming from a high speed crash in downtown Salem.  At trial, the state offered lab reports stating that petitioner's urine and a white substance found in his car contained methamphetamine.  The author of the report did not testify.  Admission of the reports violated petitioner's confrontation rights under the state and federal constitution.

Petitioner's trial counsel failed to object to the

2 - FINDINGS AND RECOMMENDATION

admission of the reports. Counsel's failure constituted inadequate and ineffective assistance of counsel. Moreover, petitioner was prejudiced by counsels failure because the reports were crucial evidence against petitioner at trial.

Petition (#1) p. 6(b)

> Ground Two: The post-conviction court erred in denying on petitioner's claim that trial counsel was inadequate and ineffective for failing to (a) cross-examine witnesses; (b) object to the introduction of evidence at trial; (c) object to the manner in which evidence was collected, including statements, permission to search, permission to obtain bodily fluids that were used as evidence at trail; (d) object to the issuance of search warrant as it was based on statements made by petitioner while in the hospital; (e) suppress statements made by petitioner prior to Miranda warnings being given; (f) acquire the levels of narcotics in petitioner's system and whether that level was sufficient to create an impairment level; (g) motion for a new trial when petitioner was guilty of criminal mischiefs a requisite element (sic). **[the court has followed respondent's lead in inserting paragraph letters to identify the separate claims raised in Ground Two]**

> Supporting Facts: Petitioner was convicted of a number of crimes stemming from a high speed crash in downtown Salem. At trial, the state offered statements, evidence from the search of the vehicle, and permission to obtain bodily fluids petitioner made prior to him receiving his Miranda warnings. Admission of the statements violated his right not to incriminate himself to be free from improper search and seizure under state and federal constitution. Petitioner's trail counsel failed to object to the admission of statements, search of the vehicle and bodily fluids. Counsel's failure constitutes inadequate ineffective assistance of counsel. Moreover, petitioner was prejudiced by counsel's failure because the statements, search of vehicle and bodily fluids were crucial evidence against petitioner at trial.

Petition (#1) p. 6(B)

Under the Antiterrorism and Effective Death Penalty Act

of 1966 (AEDPA), habeas corpus relief may "not be granted with

3 - FINDINGS AND RECOMMENDATION

respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1.) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

Under the "contrary to" clause, a federal court may grant relief only if the state court either (1) applied a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronted a set of facts that was materially indistinguishable from a Supreme Court decision but nonetheless arrived at a different result. Williams, 529 U.S. at 406.

Under the "unreasonable application" clause, a federal court may grant relief only if the state court identified the

correct governing principle from the Supreme Court but unreasonably applied that principle to the facts of the petitioner's case. Williams 529 U.S. at 413. This clause "requires the state court decision to be more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Rather, the "state court's application of clearly established law must be objectively unreasonable." Id. It is not "an unreasonable application of clearly established Federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller -el v. Cockrell, 537 U.S. 322, 340 (2003).

The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. Delgado v. Lewis, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal

law.").

Thus, under the AEDPA, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d);Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of

Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy

Bell, 535 U.S. at 695 (citations and quotations marks

omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

In this case, the PCR court denied relief on all of the ineffective assistance of counsel claims that were presented to it. For the reasons explained below, the PCR court legal conclusions are entitled to deference under § 2254(d) because they are not contrary to or an unreasonable application of Strickland. The factual findings are entitled to deference under § 2254(e)(1) because petitioner has not produced any clear and convincing evidence to the contrary.

In Ground One, petitioner alleges that trial counsel was ineffective for not objecting to laboratory reports that showed methamphetamine was present in containers from petitioner's car and in his urine sample. Petitioner contends that his attorney should have objected to the reports being introduced without being allowed to cross-examine the person who generated the reports. Petitioner raised a similar claim in his PCR petition, and the PCR court denied the claim. Both the Oregon Court of Appeals and the Oregon Supreme Court affirmed the denial of relief.

At trial, petitioner conceded that he had used methamphetamine in the days prior to the crash; a police

officer observed that petitioner exhibited symptoms consistent with the recent consumption of methamphetamine, and a drug recognition expert that evaluated petitioner concluded that he was under the influence of a central nervous system stimulant. The expert witness testified that nothing in the urinalysis would have helped pinpoint when petitioner had last consumed methamphetamine and stated that the urine screed alone would not contradict petitioner's version of when he had last used methamphetamine.    Exhibit  103  p.  286.    Under  these circumstances, there was nothing to be gained by requiring a lab analyst testify and trial counsel's decision to stipulate to the foundation of the reports was reasonable.

Applicable case-law at the time supported a conclusion that an objection to the admission of the laboratory reports would not have succeeded.   In support of his argument on appeal petitioner relied on State v. Birchfield, 342 Or. 624 (2007).  However, Birchfield was not decided until nine months after petitioner's trial.  Prior to Birchfield  the Oregon Court of Appeals had concluded that the issue of whether the admission of a laboratory report without the opportunity to cross-examine the author was not plain error.  See, State v. Thackaberry, 194 Or. App 511 (2004)(discussing Crawford v. Washington, 541 U.S. 36 (2004)).

Although the United States Supreme Curt recently held in Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009) that the admission of certificates sworn by analysts at a state crime

laboratory without the opportunity to cross examine the analyst violated the Confrontation Clause, trial counsel is not ineffective for not anticipating later decisions or developments in the law. Lowery v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994); United States v.Gonzales-Lerma, 71 F,3d 1537 (10th Cir. 1995), overruled on other grounds United States v. Flowes, 441 F.3d 900 (10th Cir. 2006). Based on Thackaberry, trial counsel could have reasonably concluded that an objection under the Confrontation Clause would not have been successful.

To satisfy the prejudice prong of Strickland, petitioner must demonstrate that the result would have been different if trial counsel had further cross-examined a witness. See, United States v. Claiborne, 870 F.2d 1463, 1469 (9 th Cir. 1989). Petitioner has not produced any evidence of what a lab analyst would have testified to if cross-examined and has therefore failed to satisfy the prejudice prong of the Strickland analysis.

Petitioner argues that his attorney should have cross examined "the expert as to whether the level of methamphetamine in petitioner's system was enough to have caused the accident; or whether it was more likely that the accident was caused by petitioner's first extreme seizure." Petitioner's Brief (#19) p. 4. However, petitioner has not established that the lab analyst was qualified to offer such an opinion or that the analyst would have reached the

conclusion that the accident was more likely caused by a seizure. Thus, petitioner has failed to prove that he was prejudiced by any error by trial counsel in not objecting to the admission of the lab reports.

Petitioner alleges as Ground Two that his trial counsel was ineffective in the various particulars set forth above - designated by the court as sub-parts (a) - (g). However the only Ground Two claim argued in petitioner's brief is that his lawyer was deficient for failing to "acquire the levels of narcotics in petitioner's system and whether (that) level was sufficient to create an impairment level." Petitioner's Brief (#19) p. 6. Therefore the other allegations of ineffective assistance of counsel alleged under Ground Two of petitioner's petition are deemed waived. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006) cert. denied 2000 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acossta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

In Ground Two (f) petitioner alleges that his attorney was ineffective for failing to "acquire the levels of narcotics in petitioner's system and (determine) whether that level was sufficient to create an impairment level." Petition (#1) p. 7(b).     Petitioner argues that "[t]he level of methamphetamine in petitioner's system would have shown that the accident was not caused by a drug induced reaction, but

instead that it was caused by petitioner's first extreme seizure and that the seizure was not caused by, or induced by methamphetamine." Petitioner's Brief (#19) p. 6.[1]

As discussed above in relation to petitioner's Claim One, there was abundant evidence at petitioner's trial that he had consumed methamphetamine in the days before the crash and that he exhibited signs of being under the influence of a nervous system stimulant at the time of the crash leading to the criminal charges against him. An expert testified that nothing in a urinalysis would have helped pinpoint when petitioner had last used methamphetamine.

Petitioner has not provided any evidence that identifying the precise amount or "level" of methamphetamine in his system would have demonstrated that it was "more likely" that the crash was caused by a seizure than methamphetamine use or that such evidence would have created a reasonable probability that the outcome of his case would have been different. Therefore, the PCR court's decision denying petitioner's claim in this regard was not an unreasonable application of *Strickland* and is entitled to deference by this court and is correct on the merits.

As noted above, except for Ground Two (f), I find that petitioner has waived or abandoned the claims raised in

---
[1]

Petitioner's argument regarding his alleged diagnosis of Chronic painter's encephalopathy" ("Painter's Syndrome") does not appear to have been raised in any state court proceeding.

Ground Two because he failed to argue or make any attempt to prove the allegations. However, to the extent that it may be appropriate to address the waived claims, I find as follows.

Petitioner alleges in Ground Two (a) that counsel failed to adequately cross-examine witnesses. However, petitioner has provided no evidence of what the witnesses would have testified to if further cross-examined and has thus failed to prove that counsel was ineffective or that he was prejudiced by any failure of trial counsel. See, Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001) (speculation about what a witness would say if called to testify is insufficient to establish prejudice.).

Petitioner alleges in Ground Two(b) that trial counsel failed to object to the introduction of evidence at trial. However, except as set forth below in Ground Two (c), petitioner has not identified any specific evidence that counsel failed to object to. Therefore petitioner has failed to establish any deficient performance or prejudice relating to Ground Two(b).

Petitioner alleges in Ground Two(c) that his attorney was ineffective for not objecting to the "manner in which evidence was collected, including statements, permission to search, (and) permission to obtain bodily fluids that were used as evidence at trial." Petition (#1) p. 7(b).

As discussed above, petitioner has not submitted any evidence or argument in support of his claims in Ground Two,

13 - FINDINGS AND RECOMMENDATION

is not clear what petitioner's claim is regarding the "manner in which evidence was collected." In his post-conviction proceeding deposition, petitioner explained that his claim in this regard was that counsel should have objected to the introduction of his urine sample as evidence because he was not allowed to leave the hospital until he provided a urine sample. Exhibit 122 at p. 12-13.

In denying relief, the PCR trial court found that "the petitioner consented to testing." Exhibit 125 at 9. This finding is entitled to deference under § 2254(e)(1) because petitioner has not produced any clear and convincing evidence to the contrary. Moreover, the finding is supported by the trial testimony of Officer Moore who testified that petitioner agreed to give blood and urine samples. See, Exhibit 103 p. 212. Because petitioner consented to the urine and blood testing, counsel had no basis to object to it, Schneckloth v. Bustamonte, 412 U.S. 218, 242-43 (1973). Counsel was not ineffective for failing to object to admissible evidence. See, United States v. Bosch, 419 F.2d 1239, 1247 (9 th Cir. 1990).

Petitioner alleges in Ground Two(d) that trial counsel was inadequate for not objecting to the issuance of a search warrant on the basis that it was dependent on statements petitioner made while he was in the hospital.

Petitioner raised a similar claim in paragraph 9(c) of his formal PCR petition. Exhibit 108 at p.3. At his PRC

14 - FINDINGS AND RECOMMENDATION

trial petitioner's counsel explained that petitioner wanted trial counsel to object to the search warrant because the statements petitioner made at the hospital were made while he was "basically unconscious." Exhibit 125 at p. 5. In denying the claim, the CR trial court found that "even without petitioner's statements, there was enough to search warrants." Id, at p. 9.

Probable cause to search exists when "there is a fair probability that evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). This requires less than either a preponderance of the evidence or a prima facie showing. Id. at 235. The probable cause determination is a "practical, common sense" decision based upon the "totality of the circumstances." Id.

Even without petitioner's statements at the hospital that he had used methamphetamine, there was other sufficient evidence to demonstrate a fair probability that evidence of a crime would be found in petitioner's car. Several witnesses reported that petitioner had been driving erratically prior to the accident and the police officer that retrieved petitioner's car keys from the car found a bottle of whiskey inside the car. This evidence alone supported a finding that there was a fair probability that evidence that petitioner was driving under the influence of alcohol or a controlled substance could be found in petitioner's car.

Thus, the trial court finding is supported by the record.

15 - FINDINGS AND RECOMMENDATION

A motion to suppress the search would not have been successful.

In addition, petitioner has not established that he was prejudiced by counsel's failure to move to suppress the evidence obtained from the search. That evidence consisted of two containers that were found to contain methamphetamine residue. Exhibit 103 at p. 156 - 160. However, as discussed above, petitioner admitted at trial that he had used methamphetamine as recently as two days before the crash and a drug recognition expert testified that nothing in the urinalysis would have helped pinpoint when petitioner last consumed methamphetamine or contradict petitioner's version of when he had last consumed methamphetamine. Thus, even if the methamphetamine residue had been suppressed, there was plenty of evidence that petitioner had recently consumed the drug and there is no reasonable probability that the result of his trial would have been different.

Petitioner alleges in Ground Two(e) that his attorney erred in failing to move to suppress statements made by petitioner prior to him being advised of his *Miranada* rights. Petitioner raised a similar claim in paragraph 9(f) of his formal PCR petition. The PCR court concluded that the attorney's performance was not inadequate. Exhibit 125 at p. 9. The PCR court finding and denial of petitioner's claim was not an unreasonable application of *Strickland* and is supported by the record before the court.

Trial counsel had no basis to move to suppress petitioner's statements prior to the *Miranda* warning being given because petitioner was not under arrest at the time. Before the police question a suspect in custody, they must of course advise the suspect of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Custody means "formal arrest or restraint on freedom of movement of the degree associated with formal arrest." <u>California v. Beheler</u>, 463 U.S. 1121, 1125 (1983) (quoting <u>Oregon v Mathiason</u>, 429 U.S. 495 (1977)).

Petitioner's claim appears to refer to Officer Moore's first interview with petitioner at the hospital.    Moore questioned petitioner about the crash and his drug use and obtained his consent to provide blood and urine samples. Exhibit 103 at p. 210-216. At trail, Moore testified that he had not advised petitioner of his *Miranda* rights prior to the first interview because petitioner was not under arrest and had the option to cooperate or not.    <u>Id</u>. at p. 230 31. Petitioner has not offered any evidence to support a conclusion that he was in custody at the time of the first interview and it is un-controverted that he was advised of his *Miranda* rights prior to the second interview.    <u>Id</u>. p. 231.

There was no basis for counsel to object to statements made by petitioner during the first, non-custodial interview with Officer Moore, and counsel was not deficient for failing to do so.

Petitioner alleges in Ground Two(g) that his counsel was

17 - FINDINGS AND RECOMMENDATION

ineffective for not moving for a new trial "when petitioner was guilty of criminal mischiefs a requisite element." Petition (#1) p. 7(b). Petitioner has not offered evidence or argument in support of this claim in this proceeding or at his PRC trial, so it is impossible to determine what petitioner is claiming. However, in Oregon a defendant may move to set aside a judgment for a new trial only if there has been a trial by jury.    ORS 136.535; ORCP 64B.    In this case, petitioner waived jury and elected to be tried by the court. Counsel was not ineffective for failing to make a motion that was not properly available.

Petitioner alleges in his brief that his trial counsel failed to adequately investigate the case. See, Petitioner's Brief (#19) p. 8.    Failure to investigate is not alleged as a ground for relief in petitioner's Petition (#1).

Petitioner alleged in his Formal Petition for Post-Conviction Relief that "(t)rial counsel was ineffective in failing to adequately investigate the case." Formal Petition for Post-Conviction Relief (#108) p. 4. It is not clear from the record before the court which, if any, of the particular claims of alleged failure to adequately investigate the case were before the court in petitioner's PCR trial. However, in any event, petitioner did not raise a claim of failure to investigate in his PCR appeal or petition for review by the Oregon Supreme Court. Accordingly, those claims were not "fairly presented" to Oregon's highest court as required by the well settled law

of exhaustion of state remedies and are not properly before the court in this proceeding. See, 28 U.S.C. § 2254(b)(1); Keeney v. Tomayo-Reyes, 504 U.S. 1 (1992); O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

Based on all of the foregoing, I find that he PCR court decision denying relief on petitioner's ineffective assistance of counsel claims was not an unreasonable application of *Strickland* and is entitled to deference by this court. Moreover the decision is supported by the record before this court. Petitioner has not demonstrated either that trial counsel's performance fell below an objective standard of reasonableness or that there was a reasonable probability that but for counsel's unprofessional errors the result of petitioner's trial could have been different.

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual

19 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This cause is not appropriate for appellate review.*

DATED this 21 day of May, 2010.

Thomas M. Coffin
United States Magistrate Judge